UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George Cleveland, III, )<br> )<br>   Petitioner, )<br> )<br>v. )<br> )<br>United States of America, )<br> )<br>   Respondent. )<br>_____) | C/A No.: 8:14-cv-04727-GRA<br>(Cr. No.: 8:99-cr-01012-GRA-1)<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court on George Cleveland, III's ("Petitioner") motion pursuant to 28 U.S.C. § 2255, filed on December 12, 2014.[1] For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## **Standard of Review**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). A stamp from the Evans Correctional Institution indicates that the petition was delivered there on December 12, 2014. ECF No. 15-1.

efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

On January 1, 2000, Petitioner pled guilty before this Court to Count One of the indictment. ECF No. 1. Count One charged Petitioner with "the intent to defraud, did falsely make, forge and counterfeit obligations of the United States, that is, a quantity of $20.00 (twenty dollar) and $1.00 (one dollar) Federal Reserve Notes", in violation of 18 U.S.C. §§ 471. ECF No. 5. On March 30, 2000, this Court sentenced Petitioner to a three year probationary sentence with conditions. ECF No. 11. The judgment was entered on April 5, 2000. *Id.* On September 28, 2001, an Order was entered modifying conditions of release by adding 200 hours of community service. ECF No. 12. An amended judgment to that effect was filed on October 5, 2001. ECF No. 14.

Petitioner filed the present motion under 28 U.S.C. § 2255 on December 12, 2014. ECF No. 15. The government filed a Motion to Dismiss and Response to Cleveland's 2255 Petition on January 13, 2015. ECF No. 23. Petitioner filed a Response in Opposition on January 23, 2015. ECF No. 25. A *Roseboro* Order was filed by the Court on January 27, 2015. ECF No. 26. Finally, Petitioner filed an Affidavit in Support of his § 2255 Petition on March 2, 2015. ECF No. 28. The Court is now ready to rule on Petitioner's § 2255 Petition.

**Discussion**

Petitioner's § 2255 petition is untimely. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner filed his § 2255 petition outside of the one-year time period stated in § 2255(f)(1). The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. When a defendant chooses not to appeal his federal criminal judgment, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United*

*States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that a petitioner's conviction became final on the date she declined to pursue further direct appellate review). Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner had fourteen (14) days to appeal his conviction and sentence after judgment was entered on October 5, 2001. Fed. R. App. P. 4(b)(1)(A); ECF No. 14. Petitioner's conviction, therefore, became final in 2001, at the latest on October 19, 2001. Thus, the one-year period of limitations to file a motion pursuant to 28 U.S.C. § 2255(f)(1) expired on October 19, 2002. Petitioner filed his current motion on December 12, 2014, over ten years after the expiration of the limitations period. ECF No. 15. Therefore, under § 2255(f)(1), the motion is untimely on its face.

Petitioner argues that his motion is timely as his "Subject Matter Jurisdiction and Grand Jury indictment allegations did not come to [his] attention until [he] filed [his] state Post Conviction Relief (P.C.R.) claim on April 03, 2014." ECF No. 25 at 3. Petitioner is seemingly relying on prong (4) of 28 U.S.C. § 2255(f). The fact that these allegations simply did not "come to his attention" until April 3, 2014, however, does not mean that they could not have been discovered earlier through the exercise of due diligence. The Court therefore finds that Petitioner's motion is not timely under § 2255(f)(4).

Further, 28 U.S.C. § 2255(a) gives the United States district courts jurisdiction to entertain petitions only from "[a] prisoner *in custody* under sentence of a court established by Act of Congress." (emphasis added) The Supreme Court has

"interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner admits the he has already "served the probation" for the conviction under attack. ECF No. 15 at 4. He also states that he is currently "serving a six (6) year prison sentence in state prison on an unrelated conviction." *Id.* at 2. Accordingly, the Court finds that, because Petitioner is not "in custody" for the conviction under attack, the petition must be dismissed.

## **Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall DENY the § 2255 Motion and GRANT the Government's Motion to Dismiss. The Court declines to issue a certificate of appealability in this matter.[2]

_____
G. Ross Anderson, Jr.
Senior United States District Judge

March  9 , 2015
Anderson, South Carolina

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").